IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1011-T-An |
| | ) | |
| BENTON COUNTY, TENNESSEE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff John Lawrence filed this action under 42 U.S.C. § 1983 against Benton County, Tennessee, and Bank of Camden for the alleged deprivation of his constitutional rights. On August 26, 2005, a consent order of summary judgment was entered in favor of Defendant Bank of Camden. Defendant Benton County has now filed a motion for summary judgment. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is GRANTED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack

of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that Plaintiff did not respond does not require granting Defendant's motion. However, if the allegations of the complaint are contravened by Defendant's affidavits and Defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Wilson v. City of Zanesville, 954 F.2d 349,

351 (6th Cir. 1992).

The undisputed facts are as follows. Plaintiff was arrested on October 19, 2003, and incarcerated at the Benton County Jail. He was released on October 20, 2003. Subsequently, Plaintiff's bond was revoked, and he was incarcerated a second time in July 2004.

Sometime prior to the time that Plaintiff's bond was revoked, he was involved in a motorcycle accident and had been treated by a physician in Paris, Tennessee. The physician referred him for an orthopedic consultation. A jailer called the consulting orthopedic physician to see if the appointment could be rescheduled. The physician's office rescheduled the appointment for nine days later. In the interim, Plaintiff was released from jail. He attended the appointment after his release as rescheduled.

The Benton County Commission passed a resolution allowing the imposition of a $25.00 fee by the Sheriff of Benton County. The fee is collected upon the release of a prisoner. However, the Sheriff's Department does not require that the fee be paid in order for a person to be eligible for release.

Plaintiff has alleged that the revocation of his bond, the requirement that he pay a fee prior to being released from jail, and Defendant's alleged refusal to provide needed medical treatment violated his constitutional rights.

As an initial matter, the court notes that § 1983 liability cannot be based on respondeat superior; instead, there must be a showing that the constitutional violation stems from the enforcement of a governmental policy or custom or that the municipality was the "moving force" behind the injury alleged. Monell v. Department of Soc. Serv., 436 U.S. 658, 691 &

3

694 (1978). In the present case, Plaintiff has failed to allege that his injuries resulted from any policy or custom. Instead, Plaintiff merely alleges that Defendant is liable to him in that all of its actions were taken in its official capacity. Complaint at ¶10. Thus, Defendant is entitled to judgment as a matter of law.

Moreover, any claims relating to Plaintiff's arrest in October 2003 are barred by the applicable statute of limitations. In a civil rights action arising in Tennessee, the applicable statute of limitations is one year from when the cause of action accrued. T.C.A. § 29-3-104(a)(3); Kessler v. Board of Regents, 738 F.2d 751, 754 (6th Cir. 1984). Plaintiff's cause of action as it relates to his arrest accrued on October 19, 2003. Therefore, the statute of limitations expired on October 19, 2004. The complaint was not filed until January 18, 2005, more than one year after the accrual of Plaintiff's cause of action.

Plaintiff claims that his due process rights were violated during his bond revocation hearing in the General Sessions Court. Plaintiff was represented by counsel at the hearing which led to his bond revocation. Furthermore, he has admitted that he violated the terms of his house arrest, although he claims that he was unsure whether those provisions still applied after his monitor was removed. Lawrence Depo. at pp. 50-53. Because Defendant has refuted Plaintiff's claim that his due process rights were violated during his bond revocation hearing, Defendant is entitled to summary judgment on this ground.

Plaintiff's claims related to his medical treatment also fail. The deliberate indifference of prison officials to the serious medical needs of a convicted prisoner violates that prisoner's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble,

429 U.S. 97, 106 (1976). This right is made applicable to the states pursuant to the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 667 (1962). A claim for the deprivation of adequate medical care has an objective and a subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, the court must evaluate the seriousness of the prisoner's medical needs from an objective perspective, and then determine whether a defendant was deliberately indifferent from a subjective perspective. See Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992), *cert. denied*, *sub nom.* Hunt v. Bradley, 510 U.S. 1052 (1994).

An inadvertent failure to provide adequate medical treatment, which amounts to negligence, does not state a valid claim of cruel and unusual punishment. Estelle, 429 U.S. at 106; see also, Whitley v. Albers, 475 U.S. 312, 319 (1986). A plaintiff must show more than even gross negligence to rise to the level of a constitutional violation. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir.2000).

Prior to Plaintiff's incarceration, he had an appointment with Dr. Christian, an orthopedic specialist, for examination of his injured shoulder. On July 9, 2004, an employee of the Benton County Sheriff's Department rescheduled the appointment with Dr. Christian from July 13, 2004, to July 22, 2004. Plaintiff kept that appointment following his release. Plaintiff received his medicine while incarcerated. Lawrence Depo. at Exhibit 5. He also filled out a medical request on July 13, 2004, which was responded to on the day of his release. Id. at Exhibit 4.

Rescheduling an appointment does not amount to such a level of deliberate

indifference that would sustain a violation of the Plaintiff's constitutional rights.  See Ruiz v. Homerighouse, 2003 WL 21382896 (W. D. N. Y.) (deliberate indifference to inmate's metacarpal fracture not found when appointment with outside orthopedist was delayed one week due to unavailability of security vehicle).

Plaintiff finally complains that he was required to pay a booking or jail fee before being released. Defendant has presented unrefuted evidence that it does not have a policy of requiring payment of the fee as a condition of release. Affidavit of Cecil Wells.  Because Plaintiff has presented no evidence that Defendant County had a policy, custom, or practice of requiring payment of the fee before a prisoner may be released, Defendant is entitled to summary judgment on this ground as well as those discussed above.

For all these reasons, the motion for summary judgment of Defendant Benton County is GRANTED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

                                          s/ **James D. Todd**  
                                          JAMES D. TODD  
                                          UNITED STATES DISTRICT JUDGE